Complainants in these two suits, which involve the same questions, have made this motion for a reargument after a decision advising the dismissal of the bills. They have filed *Page 73 
a memorandum setting forth the grounds on which they claim a reargument should be granted, and also grounds on which they claim the decision was erroneous.
The grounds asserted in the memorandum are that they have had no proper opportunity to present to the court their argument as to the validity of the section of the by-laws of defendant building and loan association, which were held to be void; that the question of ultra vires was not properly raised by defendant's pleadings; and that, therefore, it could not be the ground of the decision.
These contentions are not borne out by the history and conduct of the suit. The question of the illegality of the by-law in question was argued on defendant's motion to strike the bill, decision on which was reserved until final hearing. The invalidity of this by-law was one of the grounds on which the motion to strike was made, and since the defect, if any, appeared upon the face of the bill, was properly before the court and so remained until the decision after final hearing. The questions on this point were submitted on defendant's briefs, both on the motion to strike after final hearing and complainants had opportunity to reply thereto.
The by-law held to be void gave priorities among investors in defendant association. Complainants argue that this by-law was valid and binding. Further, they argue that if it was ultravires, complainants are entitled to recover from defendant the amount of money paid in by them. This, in effect, would reinstate the by-law and would prevent the very purpose of mutuality and equality between investors required by the statute.
The courts have distinguished between mere ultra vires acts of corporations and things which are forbidden by statute as being against public policy. The terms and conditions which regulate transactions between investors and building and loan associations are not mere contracts affecting solely the parties thereto. The statute requiring equality was for the benefit of all the members of building and loan associations, and to require the return of money paid in of such as the complainants is to utterly nullify the statute. As to the distinction between mereultra vires contracts and those *Page 74 
which are void because forbidden by statute as against public policy, see Camden and Atlantic Railroad Co. v. Mays Landing,c., Railroad Co., 48 N.J. Law 530.
This court, therefore, sees no necessity for a reargument.
Complainants also ask leave of the court to amend their bills so as to more definitely place before the court the questions in their memorandum on the motion for reargument, and also to assert and prove an allegation that it was an old and recognized practice for building and loan associations to have provisions in their by-laws similar to that herein held to be void. Since this uniformity of provision is asserted to have been of long standing and open and notorious, it can hardly come under the class of newly discovered evidence, and therefore, after final hearing should be denied. The other amendments asked for seem to simply raise questions already disposed of and therefore, would be of no avail to complainants.
The motion for reargument and for amendment will be denied.